ARTHUR BERARD *vs.* CESAIRE BLAIS *et al.*

JULY 20, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J. This cause is before us on the complainant's appeal from a decree entered in the superior court by a justice in equity, sustaining the joint and several demurrer of the respondents, Cesaire Blais, Hector J. Blais and Lucy Blais, to the bill of complaint, and dismissing said bill. The bill of complaint is in the nature of a creditor's bill, brought by the complainant as judgment creditor of the respondent Cesaire Blais, to reach and apply in payment upon his judgment the amount due to said respondent upon the promissory note of the other respondents, Hector J. and Lucy Blais.

It alleges, in substance, that the complainant obtained a judgment in an action at law in assumpsit against the respondent, Cesaire Blais; that execution thereon was issued, and was returned by the sheriff, charged with its service, wholly unsatisfied, and still remains unpaid; that the respondent, Cesaire Blais, holds in his possession and control a promissory note of said Hector J. Blais and Lucy Blais, secured by their real estate mortgage to him, upon which there is an overdue and unpaid balance; and upon these brief allegations the complainant prays that Cesaire Blais be enjoined from transferring or encumbering said note and mortgage; that he be ordered, *pendente lite,* to deposit the same in the custody of the court or in the custody

of a receiver to be appointed by the court for that and other purposes; and that he be ordered to endorse and deliver to the complainant said note, and assign said mortgage, as partial satisfaction of the aforesaid judgment; and that said Hector J. Blais and Lucy Blais be enjoined from paying any part of said note to Cesaire Blais; and for such other relief as may be deemed proper.

To this bill of complaint, the respondents filed their joint and several demurrer, assigning as the principal reason therefor "that the said bill doth not contain any matter of equity whereon this court can ground any decree, or give to the complainant any relief against these respondents, or either or any of them."

The justice in equity, after hearing thereon, sustained this demurrer and dismissed the bill of complaint. From a decree entered accordingly, the complainant duly claimed and prosecuted his appeal, which is now before us for review.

The substantial question, raised by the pleadings, is whether, on these allegations, equity may entertain a bill in the nature of a creditor's bill to reach and apply, in satisfaction of a judgment debt, a chose in action of the debtor based upon a promissory note of a third party. The complainant contends that a liberal interpretation of chapter 973, public laws 1927, so as to give full effect to the scope intended by the general assembly in this enactment, justifies the bill of complaint, as brought. The respondent urges that, prior to 1927, equity had no jurisdiction to entertain such a bill in the absence of statute or of some showing of fraud or trust, or other equitable grounds for relief; and that said chapter 973 specifically exempts from the reach of such a bill, as is here presented, the monies due the debtor upon a promissory note executed by a third party.

We agree with the position of the respondent. Chapter 973, P. L. 1927, was passed by the general assembly in amendment of chapter 354, G. L. 1923, entitled: "Of the Remedy Given Judgment Creditors Supplemental to Execution," and thereby added to said earlier chapter

the following section: "Sec. 4. Any judgment creditor, after his execution has been returned wholly or in part unsatisfied, may by proceedings in equity in the nature of a creditor's bill reach and apply and subject to the payment and satisfaction of his judgment any equitable estate, any equitable assets *or any chose in action of the judgment debtor, except such as shall be exempt from attachment by virtue of statutory provision.* The remedy provided by this section shall be cumulative and shall not supersede any existing remedy."

It will be noted from that portion of the above chapter, which we have italicized, that the relief in equity granted to a judgment creditor by this statute is extended not to *all* choses in action of the judgment creditor, but only to such as are not exempt from attachment by virtue of any statutory provisions. The particular things in action which are *exempt from attachment by virtue of statutory provision* are set forth in sec. 5, chap. 352, G. L. 1923, the pertinent portions of which read as follows: "Sec. 5. The following goods and property shall be exempt from attachment on any warrant of distress or any other writ, original, mesne, or judicial: . . . 11. Debts secured by bills of exchange or negotiable promissory notes."

It is clear from this earlier statute that choses in action, based upon a promissory note, were expressly exempt from attachment. Such exemption from attachment apparently has been recognized, at least from 1745. *Oakdale Mfg. Co. v. Clarke*, 29 R. I. 192. It follows, therefore, that such choses in action, being "exempt from attachment by virtue of statutory provision," are clearly contemplated by the language of chapter 973 as a class of things in action to be exempt from the reach of such a creditor's bill in equity. In our opinion, if this section of the earlier statute be read together with chapter 973, giving ordinary words their usual meaning, there can be little question but that the language of chapter 973 specifically exempts a debtor's chose in action, based upon a promissory note, from the

jurisdiction of equity to reach and apply through a judgment creditor's bill based *solely* on the latter statute.

But the complainant contends that we should interpret chapter 973, not in accordance with the letter of the law, but liberally in accordance with what he argues was the general legislative intent, namely, to provide enlarged relief to a judgment creditor, whereby he could subject to the payment of his judgment all assets and choses in action of the judgment debtor which were not previously or otherwise subject to attachment or execution at law. He cites several cases, decided chiefly in Massachusetts, Ohio, Vermont, and Montana, as illustrative of such a liberal construction given to statutes dealing generally with similar subject matter and purpose.

It is unnecessary to treat individually or in detail these cases, cited from other jurisdictions, because the sufficient answer to all of them is to be found in the respective statutes under which those cases were brought and according to which they were decided. It appears clearly from these cases, as reported, that all of the states referred to have statutes materially different from our own. All of them give much broader powers to equity in reaching and subjecting to the payment of debts the assets and things in action belonging to the debtor. None of them has any language, as ours, which expressly exempts certain choses in action of the debtor from the reach of a creditor's bill, such as is presented in the instant case. All of those cases seem properly to have decided the law as it obtains in their respective jurisdictions, and none of them enunciates any principle of law or applies any rule of statutory construction which conflicts with our construction of chapter 973, or which justifies the contention made by the complainant in this regard. These cases, therefore, are not in point.

Nor does the complainant derive any support from the case of *Blais* v. *Franklin*, 31 R. I. 95. It is true that the court in that case said: "Every statute is to be construed with reference to its intended scope and the purpose of the

legislature in enacting it; and where the language used is ambiguous, or admits of more than one meaning, it is to be taken in such sense as will conform to the scope of the act and carry out the purpose of the statute." And again, at page 111, it goes on to say: "Our views of the intention of the legislature, as expressed and implied in the provisions of section 6, do not coincide with the grammatical construction so·strictly adhered to. We have endeavored to ascertain the spirit of the law, and have refused to be bound by the mere letter; . . ." From this language the complainant argues that the reason for all of the numerous exemptions contained in sec. 5, chap. 352, G. L. 1923, excepting said paragraph 11 as above quoted, was to protect the debtor in the necessities of life and support of himself and family, and not to protect him from the payment of his just debts; that therefore we should interpret chapter 973 according to the spirit of the law, which he claims was intended to give a judgment creditor the right to reach and apply *all* of the debtor's things in action.

While he argues that such a course, in the instant case, woud be a *liberal construction* of chapter 973, what he really contends for is a substantial amendment of that·statute by judicial decision. This is the function of the general assembly, and not of the court. In the case of *Blais* v. *Franklin, supra,* the court was dealing with the matter of a grammatical construction which would defeat the obvious purpose of the act. The reason adopted by the court for the need of any construction of the statute is best expressed. in the court's own language at page 112: "The dissenting opinion has made it perfectly plain that to construe the section literally makes the action of the Assembly in that respect seem incoherent, unintelligible, and inadequate,— a condition of affairs not lightly to be presumed against a coordinate branch of the government."

In the instant case, there is no room or reason for a construction different from that which is clearly and expressly indicated by its terms. The statute is short and

explicit. Its language is plain, free from ambiguity, and expresses a single, definite and sensible meaning. There is no conflict with the obvious purpose of the whole chapter or with any other section of the same, or with other statutes; the intent, easily obtained from the language used, does not lead to any absurd, futile, or inadequate result. On the contrary, it is in harmony with the exemptions previously made and long established. It does, of course, enlarge the judgment creditor's rights to further relief, but still preserves certain exemptions. If the general assembly had intended to reach all of the debtor's things in action, as complainant contends, it could have done so easily by leaving out the exemption clause contained in chapter 973, P. L. 1927, or by otherwise amending chapter 352, G. L. 1923. When dealing with a kindred matter in G. L. 1923, chapter 390, section 13, relating to insolvency, it chose to lift bills of exchange and negotiable promissory notes out of the exempted property to be filed in a statement of insolvent's assets. Its failure to do so here is significant.

The case of *Blais* v. *Franklin, supra,* still is authority for the proposition that the meaning and intention of the general assembly must be sought first of all in the language of the statute itself: "If the language of the statute is plain and free from ambiguity, and expresses a single, definite, and sensible meaning, that meaning is conclusively presumed to be the meaning which the legislature intended to convey. In other words, the statute must be interpreted literally."

The analogy, suggested by the complainant, of the court's action in taking jurisdiction in divorce actions to reach such kinds of exempted property as furniture and household effects is not in point. Such petitions are not creditors' bills, but are ancillary to a petition in divorce proceedings where the court's jurisdiction over the parties and subject matter is adequately covered by the divorce statute.

Prior to 1927, the case of *Greene* v. *Keene,* 14 R. I. 388, at 397, concluded: "We have no statute extending the

jurisdiction in equity to include cases like the present, and we must, therefore, hold that in the absence of fraud, trust, or other ground of equitable relief, a judgment creditor cannot come into equity to subject a *chose in action* of his debtor to the satisfaction of his judgment." This decision seems to be in harmony with the decision finally reached in England, where apparently it is held that, aside from statutes, bills in chancery are not maintainable to reach choses in action, equitable interests, and other property not subject to execution at law, 15 C. J. 1383. Since 1927, when chapter 973 was enacted, a judgment creditor is given supplemental rights to proceed in equity to reach and subject to payment of the judgment he holds, all such equitable interests and choses in action of the debtor, as shall not be exempted by the terms of that chapter.

Applying well recognized rules of statutory construction to the plain language of the statute in question the intent of the law is clear. It is the duty of a court in equity, in such circumstances, to supplement but not to supplant or subvert established rules of law.

The complainant here has alleged no fraud, or trust, or other grounds for equitable relief, electing to base his complaint solely upon the above-quoted statute. Hence, on hearing upon the merits of the bill of complaint as brought, he could not prevail. The justice in equity, therefore, was not in error in sustaining the respondents' demurrer and in dismissing the appeal.

The complainant's appeal accordingly is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*R. De Blois LaBrosse*, for complainant.

*James E. Brennan* and *Harold J. McLaughlin*, for respondents.